IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| TERRY LEE SHAFER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00056-C |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Terry Lee Shafer, a state prisoner proceeding pro se and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Although Respondent has not filed an answer, the Court has reviewed Petitioner's pleadings and finds that his Petition for Writ of Habeas Corpus should be **dismissed with prejudice**. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (stating that the district court may summarily dismiss the petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to any relief in the district court"). *See also Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent to file an unnecessary answer).

Petitioner challenges his 2007 conviction and sentence in Cause No. CR18782 from the 35th District Court of Brown County, Texas. He states that he pleaded guilty and was sentenced to 40 years in the Texas Department of Criminal Justice.

In his federal petition, Petitioner acknowledges that he did not file a direct appeal following his conviction. Petitioner waited 15 years before filing his state application for habeas review on July 11, 2022.

The Court understands Petitioner to raise three grounds for review:

1) his 40-year sentence is excessive and disproportionate in violation of his Eighth Amendment rights, and

    2) he received ineffective assistance of counsel when his attorney failed to object to his illegal sentence and threatened him with enhancements if he did not accept the plea offer.

Petitioner seeks a reduced sentence.

### A. Statute of Limitations

Petitioner's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA establishes a one-year limitation on filing federal habeas corpus petitions. Namely, 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the statute, the habeas clock begins to run when one of the circumstances included in § 2244(d)(1)(A)-(D) triggers the Act's application.

In "rare and exceptional circumstances," the doctrine of equitable tolling may preserve a Petitioner's claims when the strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Equitable tolling does not apply when an applicant has "failed to diligently pursue his rights." *Larry*, 361 F.3d at 897. "Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Petitioner argues that his petition should not be considered untimely because he filed it soon after he exhausted his state remedies. He also alleges that he did not appeal his conviction because he did not know he could appeal. He does not make any excuse, however, for waiting 15 years after his conviction to begin the state habeas process.

Neither Petitioner's status as a pro se prisoner nor his ignorance of the law will excuse his delayed filing. Moreover, AEDPA's one-year statute of limitations expired well over a decade before Petitioner sought state habeas relief. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (explaining that a petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"). Petitioner has not presented any circumstances extraordinary enough to overcome the strict application of the statute of limitations.

It is, therefore, ORDERED:

1. The instant petition is dismissed with prejudice as barred by the statute of limitations.
2. All relief not expressly granted is denied and any other pending motions are denied.
3. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability is DENIED. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Dated May 8, 2023.

SAM R. CUMMINGS
Senior United States District Judge